```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
                    MIAMI DIVISION
```

ROGER NUNEZ,                       :    CASE NO. 11-cv-24195-MGC
                                   :
       Plaintiff,                 :
                                   :
vs.                                :
                                   :
TRULUCK's SEAFOOD, LLC,            :
                                   :    1st AMENDED
       Defendant.                 :    COMPLAINT
_____/

    1.    Plaintiff, who worked for Defendant (hereinafter referred to as the "Employer") from October 2010 to October 2011 as a Server, brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), on behalf of himself and other similarly situated current and former tipped employees (the "Servers") for minimum wage violations of the FLSA. At Count II, Plaintiff alleges breach of verbal agreement against the Employer. At Counts III and IV, Plaintiff alleges that the Employer retaliated against him when it fired him.

## A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

    2.    Plaintiff and the Servers work and/or worked for the Employer in Miami-Dade County, Florida in its Brickell Avenue restaurant in the position of Servers. Plaintiff and the Servers are covered employees for purposes of the FLSA.

    3.    For Count I, Plaintiff and the Servers have the following characteristics with respect to the minimum wage allegations:

a.    The Employer paid the Servers a reduced gross hourly wage pursuant to §3(m) of the FLSA;

b.    Servers are required to share a percentage of their tips with non-tipped employees and/or employees who are not then working as tipped employees (e.g., the Expediter)

-1-

       and the Employer required that Servers pay out excessive amounts of their tips;

c.    The Employer required that the Servers perform non-tipped work, including training and classes, for free;

d.    The Employer required that Plaintiff and the Servers purchase and maintain work uniforms and work accessories at their own cost;

e.    The Employer takes illegal tip deductions from Plaintiff and the Servers in violation of the FLSA;

f.    The Employer deducted breakage, walkouts, etc., for Servers tips in violation of the FLSA; and

g.    The Employer failed to account for all of Plaintiff's and the Servers' work hours to avoid having to pay them their hourly pay.

## B. THE EMPLOYER

4.    The Employer is subject to the FLSA based on gross revenues in excess of $500,000.00 per annum. The Employer is, and at all times pertinent to this Complaint, was engaged in interstate commerce. The Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

## C. VENUE & JURISDICTION

5.    This action is brought by Plaintiff and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b). Plaintiff, on behalf of those Servers currently working for the Employer, request injunctive relief as provided by the FLSA against the Employer.

6. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

7. By reason of their employment with the Employer, Plaintiff and the Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff and the Servers was directly essential to the those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiff and the Servers, by virtue of their job duties and functions as described above, were engaged in commerce.

8. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

9. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-8 above.

10. At all times material hereto, the Employer failed to comply with §3(m) of the Act, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff and the Servers actually received less than the applicable minimum wage per hour for the reasons alleged at ¶3 above which resulted in minimum wage violations.

11. As a result of the Employer's acts as described at ¶10 above, Plaintiff's and the Servers' hourly wages were reduced below the applicable minimum wage in violation of the FLSA and/or the Employer violated the FLSA's minimum wage provisions.

12. Plaintiff and the Servers are entitled to be paid at

-3-

least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work. Furthermore, non-tipped employees are not entitled to share in any part of Plaintiff's and the Servers' tips.

13. As a result of the Employer's acts as described above, Plaintiff's and the Servers' hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the FLSA and/or the Employer's actions resulted in minimum wage violations.

14. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiff and Servers in accordance with the FLSA.

15. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff and the Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA, repayment of all improperly shared tips, and reimbursement for all improper deductions. As a result of the Employer's willful disregard of the FLSA, Plaintiff and the Servers are entitled to liquidated damages.

WHEREFORE, Plaintiff and the Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT II
## BREACH OF AGREEMENT

16. The allegations of ¶¶1 and 3 above are realleged and incorporated herein by reference.

17. At the time of hire in October 2010, Plaintiff and the Employer entered into a verbal agreement where the Employer agreed to pay Plaintiff an hourly wage for all hours worked.

18. Plaintiff fully performed his side of the agreement by providing services to the Employer.

19. The Employer breached the terms of its agreement with Plaintiff by failing to pay Plaintiff for all hours worked during his employment with the Employer which has resulted in Plaintiff suffering damages.

20. Pursuant to §448.08, Fla. Stat., Plaintiff is entitled to his attorneys' fees and costs for bringing this Count and Plaintiff has retained the undersigned law firm and is obligated thereby to pay for such fees and costs incurred herein.

**WHEREFORE,** Plaintiff demands judgment against the Employer for damages, interest, costs and attorneys' fees, including accrued prejudgment interest, interest, fees pursuant to §448.08, Fla. Stat., costs and such other relief as this Court may deem appropriate.

## COUNT III
## VIOLATION OF §448.102, FLA. STAT.

21. The allegations of ¶¶1 and 3 above are realleged and incorporated herein by reference.

22. Based on the Employer's actions as described herein, Plaintiff was retaliated against in violation of §448.102(3), Fla. Stat.

23. Shortly before the Employer reduced the number of his work shifts and then fired him in mid-October 2011, Plaintiff complained and/or protested to the Employer's management that he and other Servers were not being paid the minimum wage in violation of the provisions of the Fair Labor Standards Act (the "FLSA").

24. In response to Plaintiff's complaints and/or protests as provided above in ¶23, the Employer retaliated against him in violation of §448.102(3), Fla. Stat., by initially cutting his work shifts and then by firing Plaintiff.

25. As a direct and proximate result of the Employer's acts as provided above in ¶¶ 23-23, Plaintiff has been damaged and he is entitled to the relief as provided at §448.103(2), Fla. Stat.

26. Pursuant to §448.104, Fla. Stat., Plaintiff is entitled to his attorneys' fees and costs for bringing this action and Plaintiff has retained the undersigned law firm and is obligated thereby to pay for such fees and costs incurred herein.

27. As a direct and proximate result of the Employer's acts, Defendant retaliated against Plaintiff in violation of §448.102(3), Fla. Stat., entitling him to the remedies provided at §448.103(2), Fla. Stat.

WHEREFORE, Plaintiff demands judgment against the Employer for the remedies provided at §§448.103(2), Fla. Stat., including

attorneys' fees and costs as provided at §448.104, Fla. Stat., and any other relief this Court deems just and proper.

### COUNT IV
### VIOLATION OF 29 U.S.C. § 215(a)(3)
### AGAINST THE EMPLOYER

28. Plaintiff readopts and realleges the allegations contained in ¶¶ 1 and 3 above.

29. Shortly before he was fired, Plaintiff complained to the Employer's managers that he and other Servers were not being paid the minimum wage in accordance with the FLSA.

30. In response to Plaintiff's complaints, the Employer initially reduced Plaintiff's number of work shifts and then it fired him.

31. Based on ¶30, the Employer violated 29 U.S.C. §215(a)(3) causing Plaintiff damages and he is entitled to liquidated damages based on the Employer's reckless disregard of the provisions of the FLSA.

WHEREFORE, Plaintiff demands judgment against the Employer for its violation of 29 U.S.C. § 215(a)(3) damages, liquidated damages, reinstatement, reasonable attorney's fees and costs of suit, and for all other relief available under the FLSA.

## JURY DEMAND

Plaintiff demands trial by jury for Counts I-IV.

Respectfully submitted,

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@netzero.com


s/ Lawrence J. McGuinness (814611)
E. ljmpalaw@netzero.com


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that: I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service in the manner specified, either via transmission of the Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, this February 9, 2012.

### Service List

Elizabeth M. Rodriguez, Esq.
erodriguez@fordharrison.com

LAWRENCE J. McGUINNESS, ESQ.
ljmpalaw@netzero.com